ALBERT G. REED, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reed v. Commissioner
Docket No. 1923-78.
United States Tax Court
T.C. Memo 1980-333; 1980 Tax Ct. Memo LEXIS 254; 40 T.C.M. (CCH) 1048; T.C.M. (RIA) 80333; August 25, 1980, Filed Albert G. Reed, III, pro se. Osmun R. Latrobe, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $329. In view of certain concessions made by the respondent, [1] the issues remaining for our decision are: (1) whether petitioner is entitled to a dependency exemption under section 151(e)(1) [2] for his brother, Lee *255 Vaughn Reed, for the year 1975; and (2) whether petitioner is entitled to a section 42 exemption credit for his brother for the same year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Albert G. Reed, III (petitioner) resided in Hot Springs, Arkansas, when he filed his petition in this case. During 1975 petitioner resided at 123 Vardon Street, Hot Springs, Arkansas with his infant son, his 16-year old brother (Lee Vaughn Reed) and his mother. Lee resided with petitioner for most of the year. During 1975, Lee received *256 $1,356 from social security payments made on his behalf to his mother. That sum was expended for his support in that year. Petitioner did not maintain any records of expenses paid on behalf of his brother. In 1977 he completed, in conjunction with respondent's audit of his 1975 return, a Form 2038 entitled "Questionnaire--Exemption Claimed For Dependent," in which the following information was provided: Expenses for entire household
Rent paid
$1,800
Food
1,200
Utilities
1,000
Repairs
300
Other
200
Total Household Expenses
$4,500
Expenses for dependent (Lee) only
Dependent's portion of household
expenses (50% of $4,500)
$2,250
Clothing
300
Education
240
Travel-Recreation
150
Total cost of dependent's
support
$2,940
Less amount dependent
contributed
(1,356)
Amount petitioner contributed
for dependent's (Lee)
support
$1,584
Since petitioner resided with his son, brother and mother, the proper allocation of household expenses to Lee is 25 percent of $4,500 or $1,125, not the $2,250 allocated on the Form 2038. Therefore, Lee's correct total cost of support for 1975 was $1,815, of which $1,356 was received by Lee *257 from social security payments. ULTIMATE FINDING OF FACT Petitioner did not provide over one-half of the support of his brother Lee during 1975. OPINION Section 151 provides in pertinent part: (a) ALLOWANCE OF DEDUCTIONS.--In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. (e)(1) IN GENERAL.--An exemption of $750 for each dependent (as defined in section 152)-- Section 152 provides: (a) GENERAL DEFINITION.--For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer. * * * (3) A brother, * * * In order for petitioner to obtain a dependency exemption for his brother, he must prove that he provided over one-half of his brother's support during 1975. Petitioner did not maintain any records of actual expenses paid on his brother's behalf but has attempted to prove his entitlement to the exemption through his testimony and the use of a Form 2038 completed during the respondent's audit of his 1975 income tax return. Even if *258 we accept the amounts of household expenses shown on the Form 2038 as correct, petitioner cannot prevail. Although petitioner allocated 50 percent of the household expenses to his brother on the Form 2038, the correct allocation was 25 percent because three people resided with petitioner in 1975. Accordingly, Lee's share of total household expenses and the other specific expenditures made by petitioner for his brother total $1,815. Since Lee received and expended $1,356 in social security payments in support of himself, petitioner provided at most $459 towards his brother's support in 1975. This is clearly not over one-half of the support necessary to obtain the dependency exemption. Since petitioner is not entitled to claim his brother as a dependent for 1975, he is also not entitled to the section 42 exemption credit of $30. To reflect the concessions made by the respondent and our conclusions on the disputed issues, Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded on brief that petitioner provided in 1975 over one-half of the support of his son, Albert G. Reed, IV. In view of this concession, respondent has also conceded, as to the taxable year 1975, that petitioner was entitled to a dependency exemption for Albert; that petitioner was entitled to file his return using the head of household tax rates; that he was entitled to the application of the Earned Income Credit; and that he was entitled to claim an exemption credit for Albert. ↩
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩